**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**CHRISTINE BAUER,**

     Plaintiff,

                   **Case No. 06-C-697**

 -vs-

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

     Defendant.

---

# DECISION AND ORDER

---

This matter comes before the Court on Christine Bauer's ("Bauer") petition for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In August 2007, the Court affirmed the Commissioner's denial of SSI and DIB benefits related to Bauer's bipolar disorder. In July 2008, the Seventh Circuit reversed. *See Bauer v. Astrue*, 532 F.3d 606 (7th Cir. 2008). The mandate stated that the "judgment of the District Court is REVERSED and the case is REMANDED to the Social Security Administration . . ." (D. 29).

Even though the language of the mandate bypasses the district court, the Seventh Circuit cannot remand directly to the SSA. *See O'Connor v. Shalala*, 23 F.3d 1232, 1234 (7th Cir. 1994) (in "instances of review of district court judgments," mandates issue "to the district court, and not to the parties"). Bauer's EAJA petition is technically premature because the time for filing does not begin to run until the district court enters final judgment. *Id.* ("[t]he time to petition under the EAJA does not begin to run . . . until entry of a sentence

four remand final judgment. . . . The authority to remand to the Secretary is reserved to the district courts, 42 U.S.C. § 405(g), and can be accomplished only through entry of a final judgment in the district court pursuant to Fed. R. Civ. P. 58"). The Court will enter judgment in accordance with the mandate and proceed to the merits of Bauer's fee petition.

Upon the filing of a timely application, a prevailing party in a civil action against the United States is entitled to an award of reasonable attorney fees unless the position of the government is substantially justified. *See* §§ 2412(d)(1)(B), 2412(d)(1)(A). Substantial justification requires the government to show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *See United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). A loss by the government does not mandate a finding against substantial justification. *See Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose").

As an initial matter, appellate courts from various circuits hold that a favorable intermediate ruling before the district court is a factor that weighs in favor of substantial justification. *See, e.g., United States v. Paisley*, 957 F.2d 1161, 1167-68 (4th Cir. 1992) (intermediate or final merits decision cannot on their own determine substantial justification but "they – and more critically their rationales – are the most power available indicators of the strength, hence, reasonableness, of the ultimately rejected position"); *Sigmon Fuel Co.*

*v. Tennessee Valley Auth.*, 754 F.2d 162, 167 (6th Cir. 1985). This Court's intermediate ruling, standing alone, is not enough to establish substantial justification, but it is "a factor weighing in favor of the Government." *Davidson v. Veneman*, 317 F.3d 503, 507 (5th Cir. 2003).

On further appeal, the Seventh Circuit reasoned that many of the ALJ's justifications for discounting Bauer's treating physicians "suggest a lack of acquaintance with bipolar disorder." *See Bauer*, 532 F.3d at 608. The treatment notes contained a "number of hopeful remarks," but a person "who has a chronic disease . . . and is under continuous treatment for it with heavy drugs . . . is likely to have better and worse days . . ." *Id.* at 609. In light of the nature of bipolar disorder, such "hopeful remarks" were not substantial evidence supporting the ALJ's decision because if the claimant is well enough to work only part of the time, then "she could not hold down a full-time job." *Id.*

Despite the ALJ's misapprehension of bipolar disorder, there was evidence in the record that contradicted the reports of the treating physicians, and the Seventh Circuit acknowledged as such. *Id.* at 608. Many of the notes from the treating physicians contained conflicting evidence regarding Bauer's condition and symptoms. The ALJ's decision did not altogether ignore significant evidence in support of Bauer's disability. Accordingly, there was a reasonable basis in law and fact for the ALJ's finding that Bauer was not disabled under the Act, and also for the position that the ALJ's decision was supported by substantial evidence. Therefore, the government's pre-litigation conduct before the ALJ and its litigation position on appeal in federal court were both substantially justified. *See, e.g.,*

-3-

*Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006) (no abuse of discretion in denial of EAJA fees, even though the case had been remanded for further analysis, because the medical evidence supported the ALJ's decision).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Bauer's appeal of the Commissioner's denial of benefits is **GRANTED**;

2. This matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g); and

3. Bauer's motion for attorney fees under the EAJA [D. 31, 32] is **DENIED**.

Dated at Milwaukee, Wisconsin, this   31st   day of December, 2008.

                          **SO ORDERED,**

                          s/ Rudolph T. Randa
                          **HON. RUDOLPH T. RANDA**
                          **Chief Judge**